# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY NALLS,

       Petitioner, :  Case No. 3:26-cv-00187

 - vs -          District Judge Walter H. Rice
              Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution

             :
       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Larry Nalls to obtain relief from his conviction in 2022 in the Montgomery County Court of Common Pleas is before the Court on Petitioner's Amended Petition (ECF No. 5).  The Amended Petition was filed in response to this Court's Order (ECF No. 3) which required a petition that complied with Rule 2 of the Rules Governing § 2254 Cases.  The Amended Petition still does not comply with Rule 2.

Nalls filed his Petition June 15, 2026, by having it scanned at this place of imprisonment (ECF No. 1, PageID 1).  Petitioner was convicted and then sentenced on September 22, 2022 (Amended Petition, ECF No. 5, PageID 643).  He appealed to the Second District Court of Appeals which affirmed the conviction on June 16, 2023. *Id.* at PageID 644.  Nalls did not seek review by the Ohio Supreme Court so the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") statute of limitations began to run July 31, 2023, when his time to do so expired.  The statute would then have run until July 31, 2024, unless tolled by a

1

properly-filed collateral attack. 28 U.S.C. § 2244(d)(2). Petitioner had filed a petition for postconviction relief under Ohio Revised Code § 2953.21, but that petition was denied September 23, 2024. *Id.* at PageID 645. Nalls claims he "appealed to the highest state court having jurisdiction over the action taken on Petitioner's petition," but he gives no dates. *Id.*

A District Court conducting an initial review of a habeas petition under Rule 4 is authorized to raise a statute of limitations question. *Day v. McDonough*, 547 U.S. 198 (2006). From the face of the Amended Petition, it appears the case is barred by the statute of limitations. Nalls claims excusing actual innocence, but he has not presented new evidence of the type required by *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Amended Petition be dismissed with prejudice as time-barred. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 30, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.