# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

LARRY NALLS,

       Petitioner,    :    Case No. 3:26-cv-00187

 - vs -             District Judge Walter H. Rice
                 Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution

                :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Larry Nalls, is before the Court on

Petitioner's Objections (ECF No. 9) to the Report and Recommendations recommending dismissal

of the Petition as time-barred (ECF No. 6).  District Judge Rice has recommitted the case for

reconsideration in light of the Objections (ECF No. 11)[1].

The Report calculated Nalls' due date under 28 U.S.C. § 2244(d)(1) as having expired well

before he filed the Petition here June 15, 2026.  The Report is three pages long, including a page

devoted to the Notice Regarding Objections.  Nalls has responded with twenty-five pages of

Objections and many pages of attached exhibits.

---

[1] In the interim Petitioner moved to recuse the undersigned (ECF No. 7, 8) and that Motion was denied (ECF No. 10). Because a motion to recuse is a nondispositive pretrial decision within the original decisional authority of a Magistrate Judge, the denial of recusal remains operative until or unless Nalls obtains a reversal.  S. D. Ohio Civ. R. 72.3.  Nalls has not yet objected to the denial.

**The Objections are Untimely**

Nalls first asserts that service of the Report was "effected" when he signed for it on July 8, 2026 (Objections, ECF No. 9, PageID 688).  That is incorrect.  Fed.R.Civ.P. 5(b)(2)(C) provides that service of a paper by mail is complete upon mailing.  The Report was mailed June 30, 2026.  Ordinarily objections must be filed within fourteen days of service, but three days are added to the deadline when service is made by mail.  Fed.R.Civ.P. 6(d).  Because Nalls was served by mail, his Objections were due to be filed by July 17, 2026.   His Objections were in fact filed July 20, 2026, by being placed in the prison mailing system on that date (See PageID 710).  Because the Objections are untimely and filed without permission to file late, they may be ignored by the Court.

**Form of Petition**

Upon preliminary review under Rule 4 of the Rules Governing § 2254 Cases, the undersigned found

> [T]he Petition fails to comply with Rule 2(d) of the Rules Governing § 2254 Cases which provides that a habeas petition must "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Since this Court has no locally prescribed form, habeas petitioners in this Court must use the standard form which provides the Court with information needed for initial screening under Rule 4.

(Order, ECF No.  3, PageID 639).  The undersigned ordered the Petitioner to file an amended petition which complied with Rule 2 and directed the Clerk to furnish him with the appropriate form. *Id.*

2

Nalls then filed his Amended Petition (ECF No. 5).  In recommending dismissal under the statute of limitations, the undersigned noted that "The Amended Petition still does not comply with Rule 2."  (Report, ECF No. 6, PageID 669).  Petitioner objects to this finding, accusing the undersigned of not citing a relevant rule and not following the well-settled law that pro se pleading are to be liberally construed. (Objections ECF No. 9, PageID 688).  The relevant rule is Rule 2 of the Rules Governing § 2254 Cases which provides at  (d) "The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  Since this Court does not have a locally prescribed form, Rule 2(d) requires following the standard form.

A *pro se* litigant is entitled to liberal construction of his or her pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, "[w]here, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  The liberal construction jurisprudence does not entitled a *pro se* litigant to ignore requirements of a mandatory form.  The Clerk furnished Petitioner with a copy of the mandatory standard form.  The Court may judge for itself whether the Amended Petition follows the standard form.

**Findings Related to the Statute of Limitations**

The Report concludes that the one-year Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") statute of limitations began to run on July 31, 2023, when Nalls failed to appeal to the Ohio Supreme Court on direct review.  The relevant passage reads:

> Petitioner was convicted and then sentenced on September 22, 2022 (Amended Petition, ECF No. 5, PageID 643). He appealed to the Second District Court of Appeals which affirmed the conviction on June 16, 2023. *Id.* at PageID 644. Nalls did not seek review by the Ohio Supreme Court so the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") statute of limitations began to run July 31, 2023, when his time to do so expired.

Report, ECF No. 6, PageID 669.

Nalls multi-page objection to this finding repeats many of his allegations from his Motion to Recuse and accuses the undersigned of conspiring with his attorneys, the prosecutor in his criminal case, and Common Pleas Judge Parker, to frustrate the appellate process (Objections, ECF No. 9, PageID 690-93).  He offers absolutely no proof.  He does not contest the finding that July 31, 2023, was his deadline to appeal and that he did not do so for whatever reason.

Nalls next objects:  "Magistrate Merz erroneously claims that "Nalls claims he 'appealed to the highest state court having jurisdiction over the action taken on Petitioner's petition' but he gives no dates." (Objections, ECF No. 9, PageID 693).  Nalls asserts he did appeal, but references various dates when the Ohio Supreme Court refused to accept his filings.

**Actual Innocence**

Beginning at PageID 694, Nalls asserts his late filing is excused because he is actually innocent.  In ordering an Amended Petition, the undersigned had noted the original Petition was 110 pages long but Nalls says it was actually 216 pages long (Objections, ECF No. 9, PageID 697). Having reviewed the purported new evidence, the undersigned concludes it does not meet the standard for proving actual innocence adopted in *Schlup v. Delo,* 513 U.S. 298 (1995):  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new

reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), quoting *Schlup*, 513 U.S. at 324.  That is, considering this additional evidence, it is not the case that no rational juror would vote to convict.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again  respectfully recommends the case be dismissed with prejudice as time-barred.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. July 24, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.