IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY NALLS,

Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL INSTITUTION,

Respondent.

Case No. 3:26-cv-187

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #6) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #12), OVERRULING ALL OBJECTIONS OF PETITIONER LARRY NALLS THERETO (DOCS. #9 AND 13) AND DISMISSING BOTH THE INTIAL AND AMENDED PETITIONS FOR WRIT OF HABEAS CORPUS (DOCS. #1, 5); OVERRULING OBJECTIONS TO MAGISTRATE JUDGE MERZ'S DECISION AND ENTRY DENYING PETITIONER'S MOTION TO RECUSE (DOC. #14); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT WARDEN, NOBLE CORRECTIONAL INSTITUTION, AND AGAINST PETITIONER; PETITIONER DENIED A CERTIFICATE OF APPEALABILITY AND RIGHT TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Michael R. Merz's Report and Recommendations, Doc. #6, Supplemental Report and Recommendations, Doc. #12, and the Objections thereto of Petitioner Larry Nalls ("Petitioner"). Docs. #9, 13. This Court has reviewed said Reports, the applicable law, and the Objections thereto, and has conducted a thorough *de novo* review of the Petition for Writ of Habeas Corpus, objections, and related filings. Docs. #1, 5, 6, 9, 12, 13.

For the reasons set forth below, the Court adopts both Reports and Recommendations and OVERRULES all Objections thereto, and, in doing so, DISMISSES the Petition.

## I. Factual and Procedural Background

Petitioner was convicted and sentenced by the Common Pleas Court of Montgomery County, Ohio, on September 22, 2022. Doc. #5, PageID #643. He appealed his case to the Second District Court of Appeals of Ohio, which upheld his conviction and sentence on June 16, 2023. *Id.* at PageID #644. At that time, he did not seek an appeal of that appellate decision from either the Supreme Court of Ohio or the Supreme Court of the United States. *Id.*

On February 13, 2024, Petitioner filed a Petition for Post-Conviction Relief in the Common Pleas Court of Montgomery County. *Id.* This petition was denied on September 23, 2024. *Id.* at PageID #645. Petitioner claims that he submitted an appeal to the Supreme Court of Ohio on December 4, 2025, and on December 7, 2025, though the Clerk of the Supreme Court of Ohio rejected the filings as untimely.[1]

[1] Petitioner's Amended Petition for Writ of Habeas Corpus, Doc. #5, does not identify this fact, but in his Objections to the Magistrate Judge's Report and Recommendations, Doc. #9, he includes this fact in a quote from his initial Petition. Doc. #9, PageID #693. It is not clear to the Court whether Petitioner's attempted appeal stems from his 2022 conviction or his 2024 Petition for Post-Conviction Relief.

Petitioner filed his Initial Petition on June 15, 2026. Doc. #1. After realizing that the petition consisted of 635 pages and did not conform to the applicable rules, United States Magistrate Judge Merz ordered Petitioner to file an amended petition compliant with Rule 4 of the Rules Governing § 2254 Cases. Doc. #3. Petitioner filed an Amended Petition for a Writ of Habeas Corpus, consisting of 26 pages. Doc. #5. After reviewing the amended petition, the Magistrate Judge, recognizing that the filing still did not substantially follow the standard form, nevertheless conducted a preliminary review, concluding that Petitioner's claims were time-barred and recommending dismissal. Doc. #6.

Petitioner filed objections to the Magistrate Judge's Report, Doc. #9, and separately moved for the Magistrate Judge's recusal. Doc. #7. The Magistrate Judge denied the recusal motion, Doc. #10, and this Court recommitted the matter to the Magistrate Judge for additional analysis in consideration of Petitioner's objections. Doc. #11. The Magistrate Judge issued a Supplemental Report and Recommendations, Doc. #12, to which Petitioner has filed further objections. Doc. #12. Petitioner also objects to the Magistrate Judge's denial of his recusal motion. Doc. #14.

The petition is ripe for decision.

## II. <u>Analysis</u>

First and Foremost, Petitioner's motion to force recusal of Magistrate Judge Merz and the objections filed in response to the Magistrate Judge's denial of said

motion are meritless. Petitioner seeks to have the Magistrate Judge recused because of involvement in a prior lawsuit in this district. *See Nalls v. Montgomery County Prosecutor's Office*, 3:22-cv-243 (S.D. Ohio). In that case, the Magistrate Judge was named as a defendant, but the case was dismissed pursuant to 28 U.S.C. §1915(a)(3) before he was served. Still, Petitioner believes that the ordeal permanently prejudiced the Magistrate Judge against Petitioner such that he cannot render a fair judgment in this case.

However, Petitioner's contentions fall well short of the standard necessary to justify recusal of a judicial officer. He has not made any particularized showing which would necessitate the Magistrate Judge's recusal, nor has he established or properly alleged any extrajudicial conduct supporting the recusal. *See Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Therefore, Petitioner's Objections to Magistrate Judge Merz' Decision and Order Denying the Motion to Recuse, Doc. #14, are OVERRULED.

In both the Initial and Supplemental Report and Recommendations, the Magistrate Judge recommends dismissal of the Petition because it is time-barred. By statute, a petition for writ of habeas corpus must be filed no later than one year after the date on which the judgment becomes final or the expiration of time for seeking such review. 28 U.S.C. §2244(d)(1)(A). This limitations period can be tolled if the conviction is under collateral review. 28 U.S.C. § 2244(d)(2).

As it applies to this case, Petitioner admits that his appeal at the 2nd District Court of Appeals of Ohio was finalized on June 16, 2023. The Supreme Court of Ohio allows forty-five (45) days for a party to seek an appeal. S.Ct. Ohio. R. 7.01(A)(1). Therefore, if Petitioner would have chosen to appeal his conviction and sentence, he would have needed to file his appeal by July 31, 2023.

However, by Petitioner's own admission, he did not seek an appeal until December 2025, roughly thirty (30) months after it was due. Once the July 31, 2023 date passed without his appeal, the one-year limitations period contemplated by 28 U.S.C. § 2244(d)(1) would have began running. Even assuming that his limitations period was tolled during the time he sought post-conviction relief in state court, the period of that review lasted from February 13, 2024, until September 23, 2024. His limitations period ended, at the very latest, on March 10, 2025. His late attempts to appeal to the Supreme Court of Ohio are immaterial to the timeliness of his Petition and do not reset his allotted period under the statute.

This Court, therefore, determines that Petitioner's Petition for Writ of Habeas Corpus is time-barred and must be dismissed.

## III. <u>Conclusion</u>

Based on the reasoning set forth above, this Court ADOPTS the Initial and Supplemental Reports, Docs. #6 & 12, in their entireties and OVERRULES Petitioner's objections thereto. Docs. #9 & 13. The Court also OVERRULES

Petitioner's objections to Magistrate Judge Merz's Decision and Entry Denying Petitioner's Motion to Recuse. Doc. #14.

The Court herein dismisses the case for lack of a cognizable claim for habeas relief under 28 U.S.C. § 2254. Judgement will enter in favor of the Respondent and against Petitioner.

As Petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists would not disagree, he is denied a certificate of appealability. On that basis, this Court certifies to the United States Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous and recommends that Petitioner be denied leave to proceed on appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 18, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE